**IN THE SUPERIOR COURT OF GUAM**

| IAN CORPORATION, | Superior Court Case No. CV0097-22. |
|---|---|
| Plaintiff, | CV0097-22 |
| vs. | **DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY LITIGATION PENDING ARBITRATION** |
| NEXUS ENVIRONMENTAL GROUP GUAM, | |
| Defendant. | |

The Court here considers whether to stay this matter pending an arbitration between the parties. Having reviewed the parties' briefs, the Court determines that the parties have agreed to arbitrate this dispute and that a stay is warranted. Defendant Nexus Corporation's Motion to Stay Litigation Pending Arbitration is therefore GRANTED.

## I. PROCEDURAL BACKGROUND

Plaintiff Ian Corporation filed this action against Nexus--its subcontractor on a federal government contract. Ian contends that Nexus failed to perform its obligations under a Subcontractor Agreement relative to a request by Ian and the federal government for Nexus to produce a Certificate of Disposal. Compl., Ex. A (Feb. 11, 2022).

That agreement also contained a clause whereby "any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof . . . shall be determined by arbitration in Guam . . . ." Compl., Ex. A § 12.4. The provision further states that the parties accept the jurisdiction of the Guam courts for the purpose of "commencing, conducting, and enforcing such arbitration proceedings." Compl., Ex. A § 12.4.

Ian filed its Complaint on February 11, 2022, and attached the parties' subcontract agreement. Nexus answered two weeks later but did not include any demand for arbitration. Answer (Feb. 25, 2022). The Court thereafter issued a Scheduling Order, which set a discovery cutoff deadline of July 1, 2022, and a trial date of October 6, 2022. Sched. Order and Disc. Plan (Apr. 1, 2022). The parties also began discovery.

Two months after filing its Answer, Nexus moved the Court to stay these proceedings pending arbitration. Def.'s Mot. Stay Litigation Pending Arbitration (Apr. 28, 2022). Ian objected to arbitration because Nexus has not demanded or initiated arbitration and Nexus waived its right to arbitration. Opp. (May 25, 2022).

In late May 2022, the Court vacated all discovery and trial deadlines and stayed all proceedings as Nexus' attorney, James Maher, Esq., passed away. Order (May 31, 2022). In late June 2022, the Court instituted new motion briefing deadlines with the entry of the appearance of Nexus' new counsel, Brooks Concepcion Law, P.C. Order (June 30, 2022). The Court has not yet reset discovery and trial deadlines.

## II.   ANALYSIS

When reviewing an arbitration agreement, the Court must apply a presumption that "underscores the strong policy favoring arbitration." *Guam YTK Corp. v. Port Auth. of Guam.,* 2014 Guam 7 ¶ 24. In other words, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* ¶ 31. As such, "a court may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.*

According to the parties' agreement, "any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof . . . shall be determined by arbitration in Guam . . . ." Compl., Ex. A § 12.4.

In reviewing the language of the agreement in favor of arbitration, the arbitration clause broadly covers disputes between the parties.

That includes the present dispute. Ian alleges that under its agreement with Nexus, Ian retains "all maps, photographs, drawings, reports ... and other documents ... prepared and furnished by [Nexus] to Ian Corporation." Compl., Ex. A §2.16. At its heart, Ian's Complaint relates to an alleged breach of this responsibility: Ian demands the production of Nexus' Certificate of Disposal pursuant to a request of Ian's client (the federal government), to which Nexus has failed to comply. Compl. ¶ 8. Such conduct may amount to a "breach," thereby subjecting the matter to arbitration. Compl., Ex. A § 12.4.

Ian asserts that Nexus waived its right to arbitrate by not requesting an arbitration. However, a finding of a waiver of a contractual right to arbitration is not favored. *United States for Use of JWS Refrigeration & Air Conditioning, Ltd. v. Fid. & Deposit Co. of Maryland* indicates three elements amounting to a waiver of the right to arbitrate: (1) knowledge of an existing right to compel arbitration, (2) acts inconsistent with that existing right, and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. 2018 WL 6627101 at *3 (D. Guam (Dec. 19, 2018)) ("*JWS*"). The primary issue is whether the party asserting the right to arbitrate acted diligently. *Id.*

As applied, it is undisputed that Nexus knew of its right to arbitration by virtue of the contractual language. The next question is whether Nexus acted inconsistently with that right—in other words, whether Nexus acted upon this knowledge diligently. "In determining whether a party was 'diligent,' courts ask whether the party seeking to compel arbitration did 'all it could reasonably have been expected to do to make the earliest feasible determination whether to proceed judicially or by arbitration.'" *JWS*, 2018 WL 6627101 at *3 (quoting *Cabinetree of Wisc., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995)). A "party who fails timely to invoke his right to arbitrate is necessarily in default when he later

to proceed with arbitration." *JWS*, 2018 WL 6627101 at *3 (citing *Sims v. Montell Chrysler, Inc.*, 317 F. Supp. 2d 838 (N.D. Ill. 2004)). The key determination when is whether a party manifested an intent to proceed with litigation. *Skyline Restoration, Inc. v. First Baptist Church*, 2017 WL 6570077 at *1 (N.D.Ill. 2017). Here, Ian contends that because Nexus did not ask for arbitration in its Answer, then Nexus did not act diligently. Even though Nexus did not initially demand arbitration, it still did so in the early stages of this case--within weeks after the issuance of the Scheduling Order and far before discovery closed. The Court finds that because Nexus acted in the early stages of the case and before any major deadlines passed, it acted diligently.

Finally, Ian argues that granting a stay of proceedings prejudices it. Ian again cites Nexus' failure to demand arbitration in its answer. However, a delay is not automatically a source of prejudice. *Cabinetree of Wisconsin, Inc.*, 50 F.3d at 391. Unlike in *Cabinetree*, which involved a nine-month delay until a party moved to arbitrate, here, Nexus moved to stay the matter just two months after filing its answer. Also, because the Court has already stayed discovery and vacated the trial, staying the proceedings to allow for the contractually agreed-upon arbitration does not prejudice Ian.

## III.   **CONCLUSION AND ORDER**

Considering how timely Nexus filed its motion to stay litigation in order to arbitrate, Nexus did not act inconsistently with its right to arbitrate, nor did it do so with the goal of causing undue delay upon Ian. Thus, the court GRANTS Nexus' motion to stay the litigation and stays all pending matters.

A joint report on the status of the parties' arbitration efforts is due within ninety days of this Decision and Order.

SO ORDERED this 28th day of September 2022.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_Fisher & Associates_

_Brooks Concepcion_

Date: 9/28/22  Time: 4:50pm

_____
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Rachel Taimanao-Ayuyu, Esq., Law Office of Rachel Taimanao-Ayuyu, for Plaintiff Ian
    Corporation
Georgette Bello-Concepcion, Esq., Brooks Concepion Law, P.C., for Defendant Nexus
    Environmental Group Guam